**In the Matter of David Brian HARRIS**

No. 98S00–0208–DI–439.

Supreme Court of Indiana.

Dec. 12, 2002.

### ORDER IMPOSING IDENTICAL RECIPROCAL DISCIPLINE

The Indiana Supreme Court Disciplinary Commission filed its *Verified Notice of Foreign Discipline and Petition for Issuance of an Order to Show Cause* on August 20, 2002, advising that the respondent, David Brian Harris, who resides in Portland, Oregon, was disciplined by the Supreme Court of Oregon and requesting, pursuant to Ind. Admission and Discipline Rule 23(28), that identical reciprocal discipline be imposed in this state. On September 17, 2002, this Court issued an *Order to Show Cause,* to which the respondent filed a *Motion to File Response to Show Cause Order Instanter,* on November 30, 2002. Said motion is hereby granted. This case is now before us for final resolution.

We now find that the respondent was admitted to practice law in Indiana in 1989. The respondent was also admitted to practice in Oregon. The respondent faced seventeen counts of charged attorney misconduct in the State of Oregon. The misconduct included failing to file appellate briefs, failing to cooperate with the disciplinary process, failing to appear as ordered by the appellate court, providing false information in the disciplinary process and neglecting clients' cases. *In re Complaint as to the Conduct of David B. Harris, Accused,* Case Nos. 99–37, 99–62, 99–63, 99–114, 99–115, 99–116, and 99–117. Following a hearing before a trial panel, which recommended disbarment, the Oregon Supreme Court issued its decision on July 11, 2002 disbarring the respondent. Under applicable Oregon law, a disbarred attorney cannot seek reinstatement. Oregon State Bar Rules 6.1(e).

We find further that, pursuant to Admis.Disc.R. 23(28)(c),[1] the respondent has failed to demonstrate why reciprocal discipline should not issue in this state.

IT IS, THEREFORE, ORDERED that the respondent, David Brian Harris, is hereby disbarred from the practice of law in this state.

The Clerk of this Court is directed to forward notice of this Order to the respon-

---

1. Ind. Admission and Discipline Rule 23(28)(c) provides:

(c) Upon the expiration of thirty (30) days from service of the order [order to show cause] set out in subsection (b), this Court shall impose discipline identical to that ordered in the other jurisdiction unless the Executive Secretary or the lawyer demonstrate, or this Court finds that it clearly appears upon the face of the record from which the discipline is predicated, that:

  (1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process;

  (2) There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court could not, consistent with its duty, accept as final the conclusion on that subject;

  (3) The imposition of the same discipline by the Court would be inconsistent with standards governing sanctions in this rule or would result in grave injustice; or

  (4) The misconduct established warrants substantially different discipline in this state.

If this Court determines that any of those elements exists, this Court shall enter such other order of discipline as it deems appropriate. The burden is on the party seeking different discipline in this state to demonstrate that the imposition of the same discipline is unwarranted.

(d) In all other aspects, a final adjudication in another jurisdiction that a lawyer has been guilty of misconduct shall establish conclusively the misconduct for purposes of a disciplinary proceeding in this state.

dent or his attorney, to the Indiana Supreme Court Disciplinary Commission, to the clerk of the United States Court of Appeals for the Seventh Circuit, to the clerk of each of the United States District Courts in this state, to the clerks of the United States Bankruptcy Courts in this state, to the Supreme Court of Oregon, and to all other entities pursuant to Admis.Disc.R. 23(3)(d), governing disbarment.

All Justices concur.